**UNITED STATES DISTRICT COURT**
for the
**SOUTHERN DISTRICT OF GEORGIA**

KAWAKE MCGERT,                                    :
JAMAURI DAVIS, a minor, BY HIS NEXT    :
BEST FRIEND, KAWAKE MCGERT,         :
JERRON DAVIS, a minor, BY HIS NEXT     :
BEST FRIEND, KAWAKE MCGERT,         :
KA'MIYAH THREATT, a minor, BY HER     :
NEXT BEST FRIEND, KAWAKE MCGERT, :
And MAKAILA JOHNSON, a minor, BY HER:
NEXT BEST FRIEND, TWANDA JOHNSON, :
                                                              :
      Plaintiffs,                                 :
                                                              :
vs.                                                           :
                                                              :
UNITED STATES OF AMERICA,              :
UNITED STATES SECRET SERVICE, and   :
THOMAS GERALD LASCELL, agent of the  :
United States Secret Service sued in his official :
capacity,                                              :
                                                              :
      Defendants.                             :

CV414-097

CASE NO._____

### COMPLAINT FOR DAMAGES

COMES NOW, Plaintiffs by and through undersigned counsel and hereby files this Complaint against Defendants in the above-styled action, and shows this Court as follows:

### JURISDICTION AND VENUE

**1.**

This action is brought pursuant to Federal Tort Claims Act, 28 U.S.C. § 2671.

**2.**

On May 30, 2013, Plaintiffs submitted an Administrative Claim for the claim set forth below to the United States Secret Service, part of the Department of Homeland Security.

**3.**

On November 12, 2013, the United States Secret Service denied Plaintiff's claim.

**4.**

All conditions precedent to a Federal Tort Claims Act have been met.

**5.**

Venue is properly within this District under 28 U.S.C. § 1402(b) as the acts complained of occurred in the Southern District of Georgia.

## PARTIES

**6.**

Plaintiffs are residents of Chatham County, Georgia.

**7.**

Both the United State of America and the United States Secret Service are appropriate Defendants under the Federal Tort Claims Act.

**8.**

Defendant Thomas Gerald Lascell is a United States Secret Service agent and is sued in his official capacity. .

## FACTS

**9.**

Plaintiffs hereby incorporate by reference their allegations contained in paragraphs 1-8.

**10.**

The claims asserted by Plaintiffs against Defendant in this civil action arise out of a motor vehicle collision which occurred on June 21, 2012.

**11.**

On or about June 21, 2012, Plaintiffs, in a vehicle being driven by Plaintiff Kawake McGert, were traveling northbound on Bull Street toward its intersection with East 53rd Street, in Savannah, Georgia.  Defendant, Thomas Gerald Lascell, was traveling westbound on East 53rd Street and had come to a stop at its intersection with Bull Street, in preparation of turning northbound onto Bull Street.

**12.**

Plaintiffs at all times had the right of way and were travelling northbound on Bull Street in a safe manner.  Defendant was required to stop and yield to oncoming traffic before turning northbound onto Bull Street.

**13.**

Defendant, Thomas Gerald Lascell, suddenly and without warning, failed to yield to Plaintiffs and proceeded to turn northbound onto Bull Street and caused collided with Plaintiffs' vehicle.

**14.**

At the time of the motor vehicle collision, Defendant Thomas Gerald Lascell was acting within the scope of his employment with Defendant United States Secret Service.

**15.**

At the time of the motor vehicle collision, Defendant Thomas Gerald Lascell was driving a vehicle owned by Defendant United States Secret Service.

**16.**

As a result of the collision, Plaintiffs suffered physical and mental injuries, and incurred

–3–

damages in the form of medical expenses and property damage to Plaintiff, Kawake McGert's vehicle.

## COUNT I
## NEGLIGENCE PER SE

### 17.

Plaintiffs hereby incorporate by reference their allegations contained in paragraphs 1-16.

### 18.

The Defendant, Thomas Gerald Lascell, was negligent, per se, in that he violated a statute by failing to yield after stopping at a stop sign and accordingly is guilty of negligence as a matter of law under O.C.G.A. § 40-6-72.

### 19.

Defendant, Thomas Gerald Lascell, acted carelessly and with total disregard of the rights and safety of other persons in using said roadway.

### 20.

Defendant, Thomas Gerald Lascell, had the last clear chance to avoid said collision.

### 21.

The Plaintiffs were in no way negligent or caused the incident complained of in the Complaint.

### 22.

The negligence of Defendant Thomas Gerald Lascell was the proximate cause of the collision and injuries and damages sustained.

### 23.

As a result of Defendant Thomas Gerald Lascell's negligence, Plaintiffs suffered

physical and mental injuries, and incurred damages in the form of medical expenses and property damage to Plaintiff, Kawake McGert's vehicle.

## COUNT II
## NEGLIGENCE

**24.**

Plaintiffs hereby incorporate by reference their allegations contained in paragraphs 1-23.

**25.**

Defendant Thomas Gerald Lascell had a duty to obey all traffic laws while operating a motor vehicle on the roads of the State of Georgia.

**26.**

Defendant Thomas Gerald Lascell had a duty not to injure others while operating a motor vehicle on the roads of the State of Georgia.

**27.**

Defendant Thomas Gerald Lascell breached these duties.

**28.**

Defendant Thomas Gerald Lascell acted recklessly and carelessly and with total disregard of the rights and safety of other person in using said roadway.

**29.**

Defendant Thomas Gerald Lascell had the last clear chance to avoid said collision.

**30.**

The Plaintiffs were in no way negligent or caused the incident complained of in the Complaint.

**31.**

The negligence of Defendant Thomas Gerald Lascell was the proximate cause of the

collision and injuries and damages sustained.

**32.**

As a result of Defendant Thomas Gerald Lascell's negligence, Plaintiffs suffered physical and mental injuries, and incurred damages in the form of medical expenses and property damage to Plaintiff, Kawake McGert's vehicle.

## COUNT II
## VICARIOUS LIABILITY

**33.**

Plaintiff hereby incorporates by reference her allegations contained in paragraphs 1-32.

**34.**

At the time of the accident, Defendant Thomas Gerald Lascell was acting within the scope of his employment with Defendant United States Secret Service.

**35.**

Defendant United States Secret Service is responsible for Defendant Thomas Gerald Lascell's actions under the doctrine of respondeat superior, agency or apparent agency.

**WHEREFORE**, Plaintiffs pray for the following relief:

(a)     That summons issue requiring the Defendants to appear as provided by law to answer this Complaint;

(b)     That Plaintiffs have and recover damages sufficient to compensate them fully, fairly and completely for all their losses compensable under Georgia law as set forth above;

(c)     That Plaintiffs have judgment against Defendants in an amount to be established as fair compensation for special damages of past, present and future medical expenses as shown by the evidence;

(d)     That Plaintiffs have judgment against Defendant in an amount established as fair

compensation for past, present and future pain and suffering;

(e)     That Plaintiff, Kawake McGert, have judgment against Defendants in an amount

established as fair compensation for the property damage to Plaintiff's vehicle;

(f)     That all costs be cast against the Defendant; and

(g)     For such other and further relief as the Court shall deem just and proper.

This 12th day of May, 2014 .

MICHAEL G. HOSTILO, LLC

Michael Hostilo, Esq.
Georgia State Bar No. 368421

114 Canal Street
Suite 201
Pooler, Georgia 31322
(912) 234-3142